STEAGALL, Justice.
The plaintiffs, Ranchette Estates Home Improvement Association, Austin Bagley, and Martha Reid (hereinafter collectively referred to as “Ranchette Estates”) filed a complaint seeking a permanent injunction against the City of Montgomery, the City Council of the City of Montgomery, and the Water Works and Sanitary Sewer Board of the City of Montgomery (hereinafter “Water Works Board”) to prevent them from erecting a water tank facility on property that Ranchette Estates alleges was wrongfully rezoned.
On November 25, 1987, the City of Montgomery Planning Commission, after a public hearing before that body on November 24, 1987, notified the Water Works Board that the Planning Commission recommended that the property not be rezoned. On November 30, 1987, and December 7, 1987, the City Council published in a local newspaper notice of a public hearing to be held before the City Council relating to the rezoning of the property. The public hearing was held December 15, 1987, after which the City Council voted to rezone the property, rejecting the recommendation of the Planning Commission. Ranchette Estates filed suit subsequent to the City Council’s vote to rezone.
The trial court found that the defendants had failed to give proper notice, pursuant to Ala.Code 1975, §§ 11-52-77 and 11-52-78, of the City Council hearing, presumably because the hearing was held 8 days, rather than 15 days, after the last publication of the notice, and the court entered a partial summary judgment in favor of Ran-chette Estates. The court, however, stayed its order for 90 days, to provide the City of Montgomery with an opportunity to cure the notice defect. The City of Montgomery readvertised the notice of public hearing, on October 7, 1988, and October 14, 1988. The City Council conducted the hearing on November 15, 1988, and, after allowing each side 10 minutes to present its views concerning the proposed rezoning ordinance, voted again to rezone the property.
After hearing testimony on December 16, 1988, the trial court entered a final judgment in favor of all defendants and specifically found that the ordinance rezoning the property had been properly enacted.
In American Casualty Co. v. Wright, 554 So.2d 1015, 1016 (Ala.1989), this Court stated:
“Under the ore tenus rule, the trial court’s decision, where supported by the evidence, is presumed correct and should be reversed only if the judgment is found to be plainly and palpably wrong, after a consideration of all the evidence and after making all inferences that can logically be drawn from the evidence.”
(Citations omitted).
Here, the trial court heard the testimony and determined that the rezoning ordinance was enacted in compliance with §§ 11-52-77 and 11-52-78. The trial court specifically rejected Ranchette Estates’ arguments concerning the defendants’ failure to resubmit the zoning proposal to the Planning Commission and the failure to comply with certain time limitations in the city code, finding that Ranchette Estates had waived these arguments. The record supports the trial court’s determination that Ranchette Estates waived these arguments. Further, it is clear from the record that the defendants satisfied the publication requirements of §§ 11-52-77 and 11-52-78, because the notice was published twice and the hearing was conducted more than 15 days after the last notice.
We, therefore, affirm the trial court’s judgment in favor of the defendants.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, and ADAMS, JJ., concur.